UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

Case No.: 8:24-cv-01026-FWS-JDE                                     Date: November 27, 2024
Title: Dan Chen v. Ur M. Jaddou *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                                  Attorneys Present for Defendants:

Not Present                                                                       Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [9]**

Before the court is Defendant Ur M. Jaddou, Defendant John Daly Jr., and Defendant Lory Torres's (collectively, "Defendants") Motion to Dismiss ("Motion" or "Mot."). (Dkt. 9.) Plaintiff Dan Chen ("Plaintiff") opposes the Motion ("Opposition" or "Opp."). (Dkt. 11.) Defendants also filed a Reply. (Dkt. 12.) The court found this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Based on the state of the record, as applied to the applicable law, the court **GRANTS IN PART AND DENIES IN PART** the Motion.

I.     **Summary of the Complaint's Allegations**

Plaintiff filed an I-589 Application for Asylum on December 18, 2019, and completed the biometrics process on or about January 2, 2020.[1] (Dkt. 1 ("Compl.") ¶¶ 1, 7.) Plaintiff inquired about her application several times but was told her case was "still pending." (*Id.* ¶ 10.) As of

---

[1] The Complaint states that biometrics were completed on or about January 2, 2019, but also states that biometrics were accomplished the month after Plaintiff filed the application. (*See, e.g.*, Compl. ¶¶ 1, 7.) The court thus concludes the reference to 2019 was a typographical error.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01026-FWS-JDE	Date: November 27, 2024

Title: Dan Chen v. Ur M. Jaddou *et al.*

May 10, 2024, the date the Complaint was filed, Plaintiff had not received an interview or decision. (*Id.* ¶¶ 7, 9.) Plaintiff alleges that Defendant Jaddou, as Director of United States Citizenship and Immigration Services ("USCIS"), Defendant Daly, as District Director of the Western Region Los Angeles District Office of USCIS, and Defendant Torres, as the Los Angeles Field Office Director of USCIS, unlawfully withheld and unreasonably delayed in adjudicating the asylum application in violation of the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b) and 706(1). (*Id.* ¶¶ 13-19.) Plaintiff seeks a declaration that Defendants' "inactions are an arbitrary and capricious abuse of discretion" and an order compelling Defendants to perform their duty to act upon Plaintiff's asylum application. (*Id.*, Prayer for Relief.)

## II.  Legal Standards

### A.  Rule 12(b)(1) Motion to Dismiss

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (citation and internal quotation marks omitted). A party may move to dismiss a case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Fed. R. Civ. P. 12(b)(1). A defendant's challenge under Rule 12(b)(1) may be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "accepts the truth of plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone*, 373 F.3d at 1039). A factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside of the pleadings." *Id.*

"In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039 (citation omitted). The court need not presume the truthfulness of the plaintiff's allegations in doing so. *Id.* "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:24-cv-01026-FWS-JDE | Date: November 27, 2024 |
| Title: Dan Chen v. Ur M. Jaddou *et al.* | |

affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (citation omitted). Where "the jurisdictional disputes [are] not intertwined with the merits of the claim" and "the existence of jurisdiction turn[s] on disputed factual issues," the court may "resolve those factual disputes" where necessary. *See Friends of the Earth v. Sanderson Farms, Inc.*, 992 F.3d 939, 944 (9th Cir. 2021) (citation and internal quotation marks omitted); *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008).

### B. Rule 12(b)(6) Motion to Dismiss

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). To withstand a motion to dismiss brought under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action" such that the factual allegations "raise a right to relief above the speculative level." *Id.* at 555 (citations and internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (reiterating that "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). "A Rule 12(b)(6) dismissal 'can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"Establishing the plausibility of a complaint's allegations is a two-step process that is 'context-specific' and 'requires the reviewing court to draw on its judicial experience and common sense.'" *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-96

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01026-FWS-JDE            Date: November 27, 2024

Title: Dan Chen v. Ur M. Jaddou *et al.*

(9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679). "First, to be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Id.* at 996 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* (quoting *Starr*, 652 F.3d at 1216); *see also Iqbal*, 556 U.S. at 681.

Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). On one hand, "[g]enerally, when a plaintiff alleges facts consistent with both the plaintiff's and the defendant's explanation, and both explanations are plausible, the plaintiff survives a motion to dismiss under Rule 12(b)(6)." *In re Dynamic Random Access Memory (DRAM) Indirect Purchaser Antitrust Litig.*, 28 F.4th 42, 47 (9th Cir. 2022) (citing *Starr*, 652 F.3d at 1216). But, on the other, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Eclectic Props. E.*, 751 F.3d at 996 (quoting *Iqbal*, 556 at U.S. 678). Ultimately, a claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 at 556); *accord Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).

### III. Discussion

Defendants seek to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that the court lacks jurisdiction to enforce the timeframes for processing asylum applications under the APA, or, alternatively, that Plaintiff has failed to allege claims under the APA or the Mandamus Act. (Mot. at 10, 21-30.)

### A. Subject Matter Jurisdiction

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01026-FWS-JDE             Date: November 27, 2024
Title: Dan Chen v. Ur M. Jaddou *et al.*

     "The default rule is that agency actions are reviewable under federal question jurisdiction, pursuant to 28 U.S.C. § 1331 . . . even if no statute specifically authorizes judicial review." *Perez Perez v. Wolf*, 943 F.3d 853, 860 (9th Cir. 2019) (quoting *ANA Int'l, Inc. v. Way*, 393 F.3d 886, 890 (9th Cir. 2004)). "The APA reinforces this presumption of judicial reviewability by 'conferring a general cause of action upon persons adversely affected or aggrieved by agency action within the meaning of a relevant statute.'" *Id.* (alterations omitted) (quoting *Block v. Cmty. Nutrition Inst.*, 467 U.S. 340, 345 (1984)); *see also Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 229 (2020) (stating the Supreme Court has "'consistently applied' the presumption of reviewability to immigration statutes") (citation omitted). However, this presumption can be overcome in "two narrow circumstances," where: (1) "statutes preclude judicial review"; or (2) "agency action is committed to agency discretion by law." 5 U.S.C. §§ 701(a)(1)-(2); *Pinnacle Armor, Inc. v. United States*, 648 F.3d 708, 718 (9th Cir. 2011).

     Defendants argue that both exceptions to judicial review apply here. First, Defendants argue that 8 U.S.C. § 1158(d)(7) precludes Plaintiff from seeking judicial review to enforce the Immigration and Nationality Act's ("INA") timing requirements for asylum applications.[2] (Mot. at 21-23.) The INA codifies procedures for timely adjudication of asylum applications at 8 U.S.C. § 1158. Under section 1158(d)(5)(A), in the absence of "exceptional circumstances," USCIS must hold an initial interview or hearing within 45 days of the date an asylum application is filed and adjudicate the application within 180 days of the date an asylum application is filed. 8 U.S.C. §§ 1158(d)(5)(A)(ii)-(iii).

     The provision Defendants cite, section 1158(d)(7), states that "[n]othing in this subsection shall be construed to create any substantive or procedural right or benefit that is

---

[2] The extent to which Plaintiff seeks to enforce these timing requirements and the basis of Plaintiff's APA claim is somewhat unclear; however, because Plaintiff does reference these timing requirements in both the Complaint and Opposition, including by stating that section 1158(d)(5)(A) "defines a reasonable period of time" for adjudication of an asylum application, the court considers whether judicial review is foreclosed by section 1158(d)(7). (Compl. ¶ 15; Opp. at 5, 15.)

**CIVIL MINUTES – GENERAL**                      5

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01026-FWS-JDE                           Date: November 27, 2024
Title: Dan Chen v. Ur M. Jaddou *et al.*

legally enforceable by any party against the United States or its agencies or officers or any other person." 8 U.S.C. § 1158(d)(7) (titled "[n]o private right of action"). District courts in the Ninth Circuit have repeatedly concluded that section 1158(d)(7) bars a private right of action "to enforce the timing requirements of 8 U.S.C. § 1158(d)(5)(A)." *Su v. Mayorkas*, 698 F. Supp. 3d 1168, 1175 (N.D. Cal. 2023) (quoting *Varol v. Radel*, 420 F. Supp. 3d 1089, 1095 (S.D. Cal. 2019)) (collecting cases); *see also Varzaghani v. Mayorkas*, 2024 WL 2952141, at *3 (C.D. Cal. June 5, 2024) (same).

However, the INA's "prohibition against a private right of action to enforce the timing requirements set forth in [s]ection 1158(d)(5)(A)" by itself "does not deprive the [c]ourt of subject matter jurisdiction here." *Fang Yan v. Dir. of L.A. Asylum Off. for the United States Citizenship & Immigr. Servs.*, 2023 WL 4053410, at *3 (C.D. Cal. June 16, 2023); *see also Su*, 698 F. Supp. 3d at 1175 (same); *Kang v. Jaddou*, 2022 WL 2189634, at *2 (C.D. Cal. Apr. 25, 2022) (same). Unlike other provisions of the INA, section 1158(d)(7) neither expressly precludes judicial review of USCIS's actions under the APA nor contains any "jurisdiction-stripping language."[3] *Cf. Varol*, 420 F. Supp. 3d at 1096 ("Had Congress intended § 1158(d)(7) to be a jurisdiction-stripping provision, it would have adopted the express language found in § 1158(a)(3) and § 1158(b)(2)(D)."). Therefore, the court "adopt[s] the reading that accords with traditional understandings and basic principles: that executive determinations generally are subject to judicial review," including "the presumption favoring judicial review of administrative action," and concludes that section 1158(d)(7) does not preclude judicial review of Plaintiff's claim under the APA. *See Guerrero-Lasprilla*, 589 U.S. at 229 (quoting *Kucana v. Holder*, 558 U.S. 233, 251 (2010)).

---

[3] *Compare* 8 U.S.C. § 1158(a)(3) ("No court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)."), *and id.* § 1158(a)(2)(D) ("There shall be no judicial review of a determination of the Attorney General under subparagraph (A)(v)."), *with id.* § 1158(d)(7) ("Nothing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person.").

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01026-FWS-JDE　　　　　　　　　　Date: November 27, 2024
Title: Dan Chen v. Ur M. Jaddou *et al.*

　　Second, Defendants argue that 8 U.S.C. § 1158(d)(5)(A)'s plain language and the lack of accompanying statutory penalties suggest that the timing for adjudicating asylum applications is committed to agency discretion by law. (Mot. at 22.) But Defendants construe section 701(a)(2)'s exception to judicial review too broadly. "[T]he mere fact that a statute contains discretionary language does not make agency action unreviewable." *Pinnacle Armor, Inc.*, 648 F.3d at 718 (quoting *Beno v. Shalala*, 30 F.3d 1057, 1066 (9th Cir. 1994)). Instead, "agency action is 'committed to agency discretion by law' only in 'those rare instances where statutes are drawn in such broad terms that in a given case there is no law to apply, thereby leaving the court with no meaningful standard against which to judge the agency's exercise of discretion.'" *Jajati v. U.S. Customs & Border Prot.*, 102 F.4th 1011, 1016 (9th Cir. 2024) (quoting *Pinnacle Armor, Inc.*, 648 F.3d at 718).

　　To the extent section 1158(d)(5)(A)'s use of the words "absent exceptional circumstances" confers USCIS with some degree of discretion regarding the timing of adjudicating asylum applications, the court is not persuaded that the statute is "drawn in such broad terms" that the court lacks any meaningful standard by which to judge USCIS's exercise of that discretion. To the contrary, the court may review USCIS's actions under 5 U.S.C. § 555(b), which requires agencies to "proceed to conclude a matter presented to it" "within a reasonable time." 5 U.S.C. § 555(b); *see also Su*, 698 F. Supp. 3d at 1175 (concluding the court could review the agency's actions under section 555(b) even in the absence of a private right of action to enforce the time frames in section 1158(d)(5)(A)); *Yilmaz v. Jaddou*, 697 F. Supp. 3d 951, 957 (C.D. Cal. 2023) (concluding that the court could review the plaintiff's APA claim because "the adjudication of asylum claims within a reasonable amount of time [under section 555(b)] qualifies as a discrete action that USCIS is required to take"). As another district court explained, "Plaintiff's right to adjudication within a reasonable time [under § 555(b)] exists independently of § 1158(d)," and "§ 1158(d)(7) is not so broad as to strip Plaintiff of her right to challenge all delays in the adjudication of her asylum application, no matter how egregious." *Xu v. Cissna*, 434 F.Supp.3d 43, 52 (S.D.N.Y. 2020). Therefore, the court concludes section 701(a)(2) also does not preclude judicial review of Plaintiff's APA claim.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01026-FWS-JDE                                                      Date: November 27, 2024
Title: Dan Chen v. Ur M. Jaddou *et al.*

In sum, neither exception to the presumption of judicial review applies, and the court has subject matter jurisdiction over Plaintiff's APA claim. Accordingly, the Motion is **DENIED** to the extent it seeks dismissal for lack of subject jurisdiction.

### B.   The Sufficiency of Plaintiff's Claims

Defendants next argue that Plaintiff has failed to allege either unreasonable delay as required to state a claim under the APA or a "clear and certain" claim as required to state a claim under the Mandamus Act. (Mot. at 23-30.)

#### 1.   The Administrative Procedure Act

The APA requires agencies to conclude matters "within a reasonable time," 5 U.S.C. § 555(b), and permits a court to "compel agency action unlawfully withheld or unreasonably delayed," *id.* § 706(1). "A court can compel agency action under this section only if there is 'a specific, unequivocal command' placed on the agency to take a 'discrete agency action,' and the agency has failed to take that action." *Vietnam Veterans of Am. v. Cent. Intel. Agency*, 811 F.3d 1068, 1075 (9th Cir. 2016) (quoting *SUWA*, 542 U.S. at 63-64). "[T]he purportedly withheld action must not only be 'discrete,' but also 'legally *required*'—in the sense that the agency's legal obligation is so clearly set forth that it could traditionally have been enforced through a writ of mandamus." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 593 F.3d 923, 932 (9th Cir. 2010) (citing *SUWA*, 542 U.S. at 63). "Thus, a court may compel agency action under the APA when the agency (1) has a clear, certain, and mandatory duty, and (2) has unreasonably delayed in performing such duty." *Vaz*, 33 F.4th at 1136 (citations and internal quotation marks omitted).

Whether an agency's delay is unreasonable depends on the application of the six "*TRAC*" factors, named for the balancing test announced in *Telecommunications Rsch. & Action Ctr. ("TRAC") v. F.C.C.*, 750 F.2d 70, 79-80 (D.C. Cir. 1984). *In re A Cmty. Voice*, 878 F.3d 779, 783-84 (9th Cir. 2017) (citing *Indep. Min.*, 105 F.3d at 507). The *TRAC* factors include:

> (1) the time agencies take to make decisions must be governed by a "rule of reason[";]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01026-FWS-JDE  Date: November 27, 2024
Title: Dan Chen v. Ur M. Jaddou *et al.*

(2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
(3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
(4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
(5) the court should also take into account the nature and extent of the interests prejudiced by delay; and
(6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'"

*Vaz v. Neal*, 33 F.4th 1131, 1137 (9th Cir. 2022); *Plaskett v. Wormuth*, 18 F.4th 1072, 1082 (9th Cir. 2021) (quoting *TRAC*, 750 F.2d at 80). "The most important is the first factor, the 'rule of reason,' though it, like the others, is not itself determinative." *In re A Cmty. Voice*, 878 F.3d at 786 (citing *In re Core Commc'ns, Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008)).

As an initial matter, Plaintiff argues it is premature to assess the *TRAC* factors at the pleadings stage.[4] (Opp. at 12-14.) Courts are split on the propriety of analyzing the *TRAC* factors on a motion to dismiss due to the "fact-intensive nature" of the inquiry. *Compare Savchuk v. Jaddou*, 2024 WL 4183468, at *4 (N.D. Cal. Aug. 20, 2024) ("Although the parties have briefed the *TRAC* factors and disagree whether there has been an unreasonable delay, the

---

[4] The court agrees with Defendants that Plaintiff's request that the court allow for discovery before analyzing the *TRAC* factors is unavailing. (Opp. at 12-14; Reply at 5-7.) Federal Rule of Civil Procedure 8 requires a complaint to state "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, an inquiry which is "context-specific" and permits the court to consider the fact-specific nature of certain claims, *see Iqbal*, 556 U.S. at 679.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:24-cv-01026-FWS-JDE | Date: November 27, 2024 |
| Title: Dan Chen v. Ur M. Jaddou *et al.* | |

Court finds it inappropriate to conduct the fact-analysis at this stage."), *with Yilmaz*, 697 F. Supp. 3d at 958 (analyzing *TRAC* factors in deciding motion to dismiss and "joining the chorus of Ninth Circuit courts that have dismissed APA claims similar to Plaintiff's at the pleadings stage"), *and Baizakova v. Jaddou*, 2024 WL 3063227, at *5 (C.D. Cal. June 14, 2024) ("[C]ourts in [the Central District of California] routinely engage in TRAC analysis at the pleading stage to assess the sufficiency of the pleadings") (collecting cases). "Although there is no bright line rule, in general, district courts have found it appropriate to analyze the *TRAC* factors at the [motion to dismiss] stage when the plaintiff has not alleged any facts—other than the length of the delay—that undermine USCIS's claim of reasonableness." *Varzaghani*, 2024 WL 2952141, at *3. In this case, Plaintiff relies solely on the length of delay in alleging that Defendants' delay was unreasonable. (*See, e.g.*, Compl. ¶¶ 7-9.) Given the limited factual allegations at issue, and with the benefit of the parties' briefing on the merits of the *TRAC* factors, the court finds it appropriate to evaluate the *TRAC* factors at the motion to dismiss stage.

The first factor—whether the time required to issue decisions is governed by a rule of reason— weighs in Defendants' favor. Generally, courts find a rule of reason "when there is an identifiable rationale for the agency's actions." *Baizakova*, 2024 WL 3063227, at *5 (citation omitted). Defendants utilize the Last-In, First-Out ("LIFO") system, wherein asylum interviews are granted first to applicants who had an interview scheduled but which was rescheduled, next to applicants whose applications have been pending 21 days or less, and third to all other applicants, with newer filings scheduled first.[5] *See* Bulletin. Defendants argue that the

---

[5] Under Federal Rule of Evidence 201, a court may take judicial notice of an adjudicative fact "not subject to reasonable dispute," in that the fact is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). The court takes judicial notice of the facts that can be accurately and readily determined in USCIS' Affirmative Asylum Interview Scheduling Bulletin ("Bulletin") because the accuracy of this source, a government website, cannot be reasonably questioned. (Reply at 6 (citing *Affirmative Asylum Interview Scheduling*, USCIS, *available at* https://www.uscis.gov/affirmative-asylum-scheduling (last updated March 29, 2024)).); *see also*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01026-FWS-JDE						Date: November 27, 2024
Title: Dan Chen v. Ur M. Jaddou *et al.*

---

rationale for adopting the LIFO system is to "discourage meritless filings." (Mot. at 25; *see also* Bulletin ("The aim [of LIFO] is to deter individuals from using the asylum backlog solely to obtain employment authorization by filing frivolous, fraudulent, or otherwise non-meritorious asylum applications.").) The court, like many other courts in this Circuit, finds that USCIS' LIFO system constitutes a "rule of reason" sufficient to satisfy the first *TRAC* factor. *See Yilmaz*, 697 F. Supp. 3d at 958-59; *Su*, 698 F. Supp. 3d at 1177; *Teymouri v. U.S. Citizenship & Immigr. Servs.*, 2022 WL 18717560, at *4 (C.D. Cal. Jan. 31, 2022) (collecting cases). Thus, the court concludes the first factor favors Defendants.

The second *TRAC* factor—whether Congress provided a timetable or other indication of the speed with which it expects the agency to proceed—also favors Defendants. As discussed above, Congress provided timetables for asylum adjudication in section 1158(d)(5)(A). However, multiple courts have found that the timetables laid out in sections 1158(d)(5)(A)(ii) and (iii) are not mandatory both because USCIS has some discretion in adjudicating asylum applications when faced with "exceptional circumstances" and because these timetables are unenforceable via a private right of action. *See, e.g.*, *Yilmaz*, 697 F. Supp. 3d at 959 ("[T]he timetables laid out in sections 1158(d)(5)(A)(ii) and (iii) are discretionary . . . because of the "exceptional circumstances" carveout and . . . section 1158(d)(7)'s bar on a private right of action to enforce the timetables, such that those timetables should not weigh in a plaintiff's favor in a *TRAC* analysis on a motion to dismiss."); *Varol*, 420 F. Supp. 3d at 1097 ("While the

---

*EVO Brands, LLC v. Al Khalifa Grp. LLC*, 657 F. Supp. 3d 1312, 1321 (C.D. Cal. 2023) ("[A] court can take judicial notice of a government's website."); *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 999 (9th Cir. 2010) (taking judicial notice of information on the websites of two school districts because they were government entities). However, the court finds the declarations submitted by Defendants are not appropriate for judicial notice and does not consider those declarations in deciding the Motion. *Cf. United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) ("[I]t would have been improper for the court to consider the declaration and exhibits attached to the government's opposition without converting the motion to dismiss into a motion for summary judgment and giving Horner an opportunity to respond.").

---

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:24-cv-01026-FWS-JDE | Date: November 27, 2024 |
| Title: Dan Chen v. Ur M. Jaddou *et al.* | |

statutory guidelines provide a clear expectation that the initial interview should commence within 45 days–with a final adjudication to be completed within 180 days–the plain language of 8 U.S.C. § 1158(d)(5)(A) clarifies that the timing requirements are not mandatory."); *Fang Yan*, 2023 WL 4053410, at *4 ("[A]lthough Congress provided a timetable for the adjudication of asylum applications in [s]ection 1158(d)(5) (A), Congress also indicated that USCIS retains limited discretion as to the timing of the adjudication of asylum applications under exceptional circumstances.").

Given the discretionary nature of these timetables, courts have routinely found delays comparable to the five-year delay on Plaintiff's application to be reasonable. *See, e.g.*, *Ortiz v. U.S. Dep't of State*, 2023 WL 4407569, at *8 (D. Idaho July 7, 2023) ("Generally, courts have found 'immigration delays in excess of five, six, [and] seven years are unreasonable, while those between three to five years are often not unreasonable.'") (collecting cases); *Su*, 698 F. Supp. 3d at 1175 ("[C]ourts have considered the length of the delay in deciding this factor[] and found that even delays of over five years are reasonable."); *Baizakova*, 2024 WL 3063227, at *5 (finding four-year delay in asylum application reasonable); *Teymouri*, 2022 WL 18717560, at *4 (finding five-year delay in asylum application reasonable). Therefore, the court concludes that the second *TRAC* factor favors Defendants.

The third and fifth *TRAC* factors—concerning whether human health and welfare are at stake and the nature and extent of the interests prejudiced by delay—also favor Defendants. *See Islam v. Heinauer*, 32 F. Supp. 3d 1063, 1073 (N.D. Cal. 2014) ("The third and fifth factors overlap, requiring the court to consider whether human health and welfare are at stake, and the nature and extent of the interests prejudiced by the delay.") (citation omitted). In this case, Plaintiff does not allege any specific hardship stemming from Defendants' delay in adjudicating her asylum application other than the uncertainty of being able to remain in the United States. (*See, e.g.*, Compl. ¶ 11 (alleging Plaintiff cannot "enjoy security from future oppression," "plan her future," or "becom[e] a voting citizen" while her application is pending).) Although the court takes Plaintiff's concerns seriously, the court finds these allegations demonstrate minimal risk to human health or welfare, particularly given that Plaintiff can live and work in the United States without fear of removal while awaiting a decision. *See* 8 U.S.C. § 1158(c)(1); *Varol*, 420

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01026-FWS-JDE  Date: November 27, 2024

Title: Dan Chen v. Ur M. Jaddou *et al.*

F. Supp. 3d at 1097 (finding the third and fifth *TRAC* factors weighed in favor of denying relief where plaintiff alleged the delay in adjudicating her asylum application had a negative "psychological impact" on her and "forced [her] to reside without permanent status"); *Zheng v. Mayorkas*, 2024 WL 130157, at *7 (N.D. Cal. Jan. 11, 2024) (finding these factors weighed in favor of the defendants where plaintiff failed to identify any hardship other than "uncertainty" and stating "courts have repeatedly found in similar circumstances that these factors favor [d]efendants") (collecting cases). Because "there are no implications of harm or prejudice to Plaintiff other than the passage of additional time, an aspect all asylum applicants in similar situation face," *Teymouri*, 2022 WL 18717560, at *4, the court concludes these factors also weigh in favor of Defendants.

      Likewise, the court finds the fourth *TRAC* factor—the agency's competing priorities—favors Defendants. Courts have "refused to grant relief, even though all the other factors considered in *TRAC* favored it, where a judicial order putting the petitioner at the head of the queue would simply move all others back one space and produce no net gain." *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003) (cleaned up). As both parties concede, USCIS faces significant backlog in processing asylum applications. (Compl. ¶ 8; Mot. at 28-29; Opp. at 16.) In this case, advancing Plaintiff's application "would not serve a higher or competing priority, but would merely delay adjudication of other asylum applicants who have been waiting for as long, if not longer, than Plaintiff." *Baizakova*, 2024 WL 3063227, at *6 (collecting cases); *see also Yilmaz*, 697 F. Supp. 3d at 961 ("As several courts have held, granting Plaintiff the relief he seeks would allow him to jump the line past other applicants simply because he has the resources to hire an attorney and file a case in federal court"); *Varol*, 420 F. Supp. 3d at 1098 (explaining that "it was sufficient to deny relief based on the fourth factor alone" where "advancing [the plaintiff's] asylum application for interview and adjudication may negatively affect other applicants in a similar position"). Because the fourth factor "carries significant weight," *Baizakova*, 2024 WL 3063227, at *6, the court concludes this factor weighs heavily in favor of Defendants.

      Finally, the sixth *TRAC* factor states that "the court need not find any impropriety . . . in order to hold that agency action is unreasonably delayed." *TRAC*, 750 F.2d at 80. Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01026-FWS-JDE  Date: November 27, 2024
Title: Dan Chen v. Ur M. Jaddou *et al.*

does not allege any impropriety or bad faith on Defendants' part and concedes that this factor is neutral. (Opp. at 17.) Therefore, the court concludes this factor is neutral. *See, e.g.*, *Fang Yan*, 2023 WL 4053410, at *5 ("[T]he [c]ourt need not consider whether any impropriety contributed to the delay here, and this factor is neutral."); *Singh v. Bardini*, 2023 WL 4669864, at *3 (E.D. Cal. July 20, 2023) ("The [c]ourt . . . need not consider whether impropriety contributed to the delay Plaintiff alleges, making this factor neutral.").

In sum, the first, second, third, fourth, and fifth factors favor Defendants, and the sixth factor is neutral. On balance, the court concludes the *TRAC* factors suggest the delay in this case is reasonable, particularly given the importance of the first and fourth factors. Because Plaintiff has failed to allege unreasonable delay, the court **GRANTS** the Motion as to Plaintiff's APA claim and **DISMISSES** the APA claim for agency action unlawfully withheld and unreasonably delayed under sections 555(b) and 706(1).[6]

    2. <u>The Mandamus Act</u>

Plaintiff seeks a writ of mandamus compelling Defendants to adjudicate Plaintiff's asylum application. (Compl., Prayer for Relief.) The Mandamus Act allows district courts "to compel an officer or employee of the United States or any agency thereof to perform a duty

---

[6] The court also **DISMISSES** Plaintiff's APA claim to the extent it seeks relief under section 706(2). (*See* Compl., Prayer for Relief; Reply at 11 n.6.) Section 706(2) enables the court to "hold unlawful and set aside agency action, findings, and conclusions." 5 U.S.C. §§ 706(1)-(2). But, here, Plaintiff's claims challenge Defendants' purported failure to act or delaying in acting to issue a final decision on her asylum application. Because review under section 706(2) is limited to "final agency action," *Am. Anti-Vivisection Soc'y v. U.S. Dep't of Agric.*, 946 F.3d 615, 620 (D.C. Cir. 2020), "[a] challenge to an agency's alleged failure to act is more appropriately channeled through [s]ection 706(1)," *Al Otro Lado, Inc. v. Nielsen*, 327 F. Supp. 3d 1284, 1309 (S.D. Cal. 2018); *Durham v. Blinken*, 2024 WL 3811146, at *4 (C.D. Cal. Aug. 8, 2024) (construing the plaintiffs' section 706(2) claim regarding an agency's alleged failure to act as a section 706(1) claim); *Leigh v. Salazar*, 2014 WL 4700016, at *4 (D. Nev. Sept. 22, 2014) (same).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01026-FWS-JDE                                   Date: November 27, 2024
Title: Dan Chen v. Ur M. Jaddou *et al.*

owed to the plaintiff." *Agua Caliente Tribe of Cupeno Indians of Pala Rsrv. v. Sweeney*, 932 F.3d 1207, 1216 (9th Cir. 2019) (quoting 28 U.S.C. § 1361). "Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003) (citations omitted). "Even if the test is met, the district court still retains the discretion to deny relief." *Johnson v. Reilly*, 349 F.3d 1149, 1154 (9th Cir. 2003).

Defendant argues that Plaintiff cannot establish a "clear and certain" claim because 8 U.S.C. § 1158(d)(7) forecloses a private right of action. (Mot. at 29-30.) The court agrees. "If a plaintiff has no legal entitlement to the relief sought, a 'clear and certain' claim cannot exist, and the writ will not lie." *Lowry v. Barnhart*, 329 F.3d 1019, 1021 (9th Cir. 2003). In this case, Plaintiff cannot allege a "clear and certain" claim pursuant to section 1158(d)(5)(A) because section 1158(d)(7) precludes a private right of action to enforce those timeframes. *See Yilmaz*, 697 F. Supp. 3d at 958 (finding the plaintiff's claim under the Mandamus Act was not "clear and certain" because section 1158(d)(7) barred a private right of action to enforce § 1158(d)(5)(A)'s timing requirements); *Denisov v. Mayorkas*, 2024 WL 3522047, at *4-5 (N.D. Cal. July 23, 2024) ("District courts in California have repeatedly found that 8 U.S.C. § 1158(d)(5)(A) cannot provide a basis for mandamus relief because, as previously discussed, the INA expressly precludes a private right of action to enforce those timing requirements.") (collecting cases). Therefore, the court concludes Plaintiff has failed to allege a claim under the Mandamus Act pursuant to 8 U.S.C. § 1158(d)(5)(A).

Moreover, to the extent Plaintiff's Mandamus Act claim seeks to enforce USCIS's more general obligation to adjudicate asylum applications within a reasonable time under 5 U.S.C. § 555, Plaintiff's Mandamus Act claim overlaps with her APA claim and thus fails because Plaintiff has failed to allege unreasonable delay or demonstrate that no other adequate remedy is available. *See, e.g.*, *Yilmaz*, 697 F. Supp. 3d at 958 (finding that plaintiff had an adequate remedy under the APA and therefore did not meet the third prong of the test for her mandamus claim) (citing *Sharkey v. Quarantillo*, 541 F.3d 75, 93 (2d Cir. 2008)); *Davtyan v. Jaddou*, 2024

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:24-cv-01026-FWS-JDE | Date: November 27, 2024 |
| Title: Dan Chen v. Ur M. Jaddou *et al.* | |

WL 3740096, at *4 n.3 (C.D. Cal. July 9, 2024) (same); *Varzaghani*, 2024 WL 2952141, at *5 (same). Therefore, the Motion is **GRANTED** as to Plaintiff's Mandamus Act claim.

### C. Leave to Amend

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). "Although leave to amend 'shall be freely given when justice so requires,' it may be denied" where it "would not serve any purpose because to grant it would be futile in saving the plaintiff's suit." *Chinatown Neighborhood Ass'n v. Harris*, 794 F.3d 1136, 1144 (9th Cir. 2015) (quoting Fed. R. Civ. P. 15(a)). In this case, the court finds amendment would be futile both because no amendment consistent with Plaintiff's Complaint would alter the court's conclusion regarding unreasonable delay at this time and granting Plaintiff the relief sought in the Complaint would "merely allow her, and future plaintiffs, to cut in line ahead of other good faith—and equally stressed—asylum applicants." *Yilmaz*, 697 F. Supp. 3d at 963. Thus, Plaintiff's Complaint is **DISMISSED WITHOUT LEAVE TO AMEND** but **WITHOUT PREJUDICE** if subsequent circumstances demonstrate unreasonable delay. *See, e.g.*, *Baizakova*, 2024 WL 3063227, at *8 (granting motion to dismiss APA and Mandamus Act claims based on delay in asylum application adjudication without leave to amend and without prejudice); *Teymouri*, 2022 WL 18717560, at *5 (same); *Varol*, 420 F. Supp. 3d at 1097 (same).

### IV. Disposition

For the reasons set forth above, the Motion is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's Complaint is **DISMISSED WITHOUT LEAVE TO AMEND**. This dismissal, however, is **WITHOUT PREJUDICE** if subsequent circumstances demonstrate an unreasonable delay. The court respectfully directs the Clerk of the Court to close the case.

___